**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marta Valencia,<br><br>Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-12-00241-PHX-DGC<br><br>**ORDER** |

On October 11, 2012, Marta Valencia ("Plaintiff" or "the claimant") filed an opening brief challenging the Commissioner of Social Security's denial of her application for Social Security benefits. Doc. 13. The Commissioner filed a motion for entry of judgment with order to remand that also served as a response on December 11, 2012. Doc. 16. On December 27, 2012, Plaintiff filed a reply in support of his opening brief which also served as a response to Defendant's motion to remand. Doc. 21. For the reasons that follow, the Court will remand the claim for further proceedings.

**I.     Factual Background.**

Plaintiff filed an application for disability insurance benefits and supplemental security income alleging a disability onset date of February 17, 2008. After her initial applications were denied, she had a hearing before an Administrative Law Judge ("ALJ"). Tr. at 96. On March 19, 2010, the ALJ issued a ruling in which she found Defendant was not eligible for benefits. Tr. at 21. On December 5, 2011, the Commissioner opted not to review the ALJ's denial of benefits, making the ALJ's

1 decision the final decision of the Commissioner. This appeal followed. In the
2 Commissioner's response to the appeal, he conceded that new evidence had become
3 available that was not considered by the appeals council and made a motion that the
4 claim be remanded for further proceedings. Plaintiff objects to the motion for remand
5 because he believes that the ALJ's decision contained errors that require a remand for an
6 award of benefits.

**II.     Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**III.    Analysis.**

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a five-step process. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commission determines that a claimant

1  is or is not disabled, the analysis ends; otherwise it proceeds to the next step.  If the
2  claimant establishes his burden through step four, the Commissioner bears the burden at
3  step five of showing that the claimant has the RFC to perform other work that exists in
4  substantial numbers in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

5  At step one, the ALJ found that Plaintiff is not engaged in substantial gainful
6  employment.  The ALJ then found that the claimant suffers from the severe ailments of
7  cardiomyopathy, status post defibrillator placement, status post pacemaker placement,
8  degenerative joint disease of the left knee, headaches, and obesity in satisfaction of step
9  two.  Tr. at 26.  At step three, the ALJ considered the medical evidence and concluded
10 that the claimant does not have an impairment or combination of impairments that meets
11 or equals the severity of one of the impairments listed in the regulations.  Tr. at 28-29.
12 The ALJ then considered the entire record and concluded that Plaintiff has the RFC to
13 perform the full range of sedentary work as defined in 20 CFR § 404.1567(a) and §
14 416.967(a).  Tr. at 29.  The ALJ's RFC provided that Plaintiff should not drive, should
15 avoid exposure to dust, fumes, and gasses, and should only occasionally crawl, climb,
16 crouch, or kneel.  Tr. at 29.  At step five, the ALJ determined that Plaintiff could perform
17 her past relevant work as a school administrative assistant because that work does not
18 require activities precluded by Plaintiff's RFC.  Tr. at 32.

19 Plaintiff contends that the ALJ improperly discounted her subjective testimony
20 and the medical opinion of a treating physician.  If her testimony or the testimony of her
21 treating physician was improperly discounted, she argues, it must be credited as true and
22 her claim must be remanded for an award of benefits.

23 **A.  Plaintiff's Subjective Testimony.**

24 The ALJ must engage in a two-step analysis to evaluate the credibility of a
25 claimant's subjective testimony.  "First, the ALJ must determine whether the claimant
26 has presented objective medical evidence of an underlying impairment 'which could
27 reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter v.*
28 *Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341,

344 (9th Cir. 1991) (en banc)). If the claimant meets this first test, and there is no evidence of malingering, then the ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).[1] "The ALJ may consider at least the following factors when weighing the claimant's credibility: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." *Thomas*, 278 F.3d at 958-59 (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

Plaintiff claims to suffer chronic pain, fatigue, memory and concentration problems, anxiety, depression, panic attacks, vertigo, and blackouts. The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not credible to the extent it conflicted with the ALJ's conclusions regarding Plaintiff's RFC.

The ALJ concluded that Plaintiff's testimony conflicted with medical treatment notes, the opinions of two consulting physicians, the results of some objective medical tests, and her activities of daily living. She noted that Plaintiff had indicated at one

---

[1] Defendant argues that the clear and convincing standard does not apply in light of the Ninth Circuit's en banc decision in *Bunnell*, 947 F.2d at 341, 345-46. *Bunnell* stated that to discredit a claimant's subjective complaints the ALJ must make findings "properly supported by the record" that are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." *Id*. Defendant argues that later cases articulating a "clear and convincing" standard are not binding because only an en banc panel can overrule *Bunnell*. Doc. 20 at 18 (citing *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996). The Court finds this argument unpersuasive. Subsequent cases have explained that an ALJ "may only find an applicant not credible by making specific findings as to credibility *and* stating clear and convincing reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (emphasis added); *see also Lingenfelter*, 504 F.3d at 1036. Thus, the cases applying the "clear and convincing" standard do not contradict or overturn *Bunnell*. *See, e.g., Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011); *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Lingenfelter*, 504 F.3d at 1036; *Robbins*, 466 F.3d at 883.

1 appointment that pain in her left side had been reduced from a "5" to a "0" and that the
2 treatment notes from another appointment indicated she was doing "relatively well" and
3 that she had attended her God-child's sporting event. Tr. at 30 (citing Tr. at 484, 489).
4 The report from a consultative exam ordered by the State found that claimant would be
5 limited in her ability to stand or walk to no more than 4 hours because of her "low
6 ejection fraction" which is related to her cardiomyopathy. Tr. at 30 (citing Tr. at 402-
7 404). A physician performing a mental health exam did not recommend any particular
8 limitations. Tr. 406-410. The ALJ also quoted the results of objective medical tests
9 performed on the claimant in 2008 and 2009 and noted various medical conditions for
10 which the exams returned no evidence. Tr. at 30-31 (citing Tr. at 504, 552, 599, 671,
11 679, 680, 683). Finally, the ALJ noted that the claimant reported walking three miles
12 each morning for exercise. Tr. at 31 (citing Tr. at 599).

13 Having already found that the claimant had medical conditions that could lead to
14 her reported symptoms, it was incumbent on the ALJ to demonstrate "specific, clear, and
15 convincing" reasons for discounting the symptoms alleged. *Smolen*, 80 F.3d at 1282.
16 The ALJ failed to show how the cited evidence contradicts Plaintiff's reported symptoms.

17 The objective tests cited by the ALJ establish a host of physical conditions from
18 which Plaintiff does not suffer, but the ALJ does not demonstrate how the lack of other
19 conditions discredits Plaintiff's testimony regarding specific symptoms she experiences
20 from conditions which the ALJ acknowledges she has. The opinions of the examining
21 physicians do not recommend strong limitations, but they also do not squarely address all
22 of Plaintiff's alleged symptoms (e.g. chronic fatigue, blackouts).

23 With respect to her activities of daily living, the fact that Plaintiff walks three
24 miles every morning as part of an exercise routine to treat her heart condition does not
25 necessarily conflict with her treating physician's limitation of walking no more than one
26 hour a day. The ALJ notes that Plaintiff engages in swimming, tutoring, and reading, but
27 the Ninth Circuit has held that engaging in normal activities "does not in any way detract
28 from [a claimant's] credibility as to her overall disability. One does not need to be

- 5 -

1    'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050
2    (9th Cir. 2001). Because all of this evidence considered together does not satisfy the
3    clear and convincing standard, the Court finds that discounting Plaintiff's subjective
4    testimony was error.

### B. Opinion of the Treating Physician.

Plaintiff argues that the ALJ erred by giving no weight to the opinion of her treating physician, Dr. David Riggio, M.D, and instead giving greater credence to the opinions of examining physicians. While the "ALJ must consider all medical opinion evidence," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), "[t]he medical opinion of a claimant's treating physician is entitled to 'special weight,'" *Rodriquez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)). The ALJ may reject the opinion of a treating or examining physician by making "'findings setting forth specific legitimate reasons for doing so that are based on substantial evidence in the record.'" *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (internal citation omitted). Further, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id.*

Dr. Riggio submitted a medical assessment dated March 2, 2009, in which he opined that the claimant was unable to perform work eight hours a day, five days a week. Tr. at 257-58. He checked the space indicating that in a standard eight hour workday Plaintiff could sit more than three hours but less than four hours, stand more than one hour but less than two hours, and walk for approximately one hour (the check on the form seems to be between the space for "Less than 1 hour" and "More than 1 hour, less than 2 hours"). Tr. at 257. Dr. Riggio also found that the claimant could only occasionally crawl, climb, crouch, and kneel. Tr. at 258.

The ALJ gave no weight to Dr. Riggio's opinion because she found there were no

1  objective findings that support the limitations he suggested and because the claimant's
2  activities exceeded his limitations.  Tr. at 31.  The ALJ also discounted Dr. Riggio's
3  opinion because none of the Defendant's other treating physician's recommended similar
4  limitations.  Tr. at 31.  Despite the finding of "no weight," the ALJ arrived at an RFC that
5  seems to include Dr. Riggio's suggestion that Plaintiff not be exposed to dust, fumes, or
6  gasses and that she should only occasionally crawl, climb, crouch, or kneel.  Thus, it
7  appears that "no weight" was afforded only to the portion of Dr. Riggio's opinion that
8  placed limitations on Plaintiff's sitting and standing.

9  The ALJ again notes that Plaintiff's activities, most notably her three mile walks,
10 but also her swimming, tutoring, and drawing, are inconsistent with Dr. Riggio's
11 limitation of one hour per work day of walking and sitting between three and four hours
12 per work day.  As noted above, these activities do not necessarily conflict with Dr.
13 Riggio's limitations – it is possible to walk three miles in less than an hour – and, as
14 noted, a claimant need not be totally incapacitated to be disabled.  *Vertigan*, 260 F.3d at
15 1050.

16 It is true that the opinion of an examining physician, Dr. Elizabeth Ottney,
17 conflicted with Dr. Riggio's limitations regarding standing and sitting.  Tr. at 402-404.
18 Dr. Ottney's opinion was based on a single physical examination of Plaintiff in which she
19 noted that Plaintiff could get on and off the exam table without assistance and could walk
20 normally.  Tr. at 402-404.  It does not appear that Dr. Ottney made any specific findings
21 with respect to Plaintiff's fatigue symptoms or that she could have observed such
22 symptoms in a single office visit.

23 Although the opinion of a treating physician is often accorded special weight, even
24 that opinion can be discounted when it is "brief, conclusory, and inadequately supported
25 by clinical findings."  *Thomas*, 278 F.3d at 957.  That seems to be the case here, as Dr.
26 Riggio's opinion largely consists of a "check the box" format.  Neither party has pointed
27 to treatment notes or clinical tests performed by Dr. Riggio that might lay a foundation
28 for the limitations he imposed.  Though the activities of daily living and the conflict with

the examining physician may not be the most persuasive evidence, the fact that Dr. Riggio's conclusions were brief and unsupported is sufficient reason for the ALJ to lend them little weight. Accordingly, the Court cannot conclude that the ALJ improperly discounted the testimony of Dr. Riggio.

## IV.    Remedy.

The Government asks that the claim be remanded for further proceedings because additional evidence has become available. Doc. 17. Plaintiff contends that the ALJ's errors coupled with the Ninth Circuit's "credit as true" doctrine requires a remand for an award of benefits. Doc. 21; *see Benecke v. Barnhart,* 379 F.3d 587 (9th Cir.2007); ("Because the ALJ failed to provide legally sufficient reasons for rejecting Benecke's testimony and her treating physicians' opinions, we credit the evidence as true.").

The Court has found that Plaintiff's subjective symptom testimony was improperly discounted. It must now be credited as true. Where there "are no outstanding issues that must be resolved before a determination of disability can be made," it is appropriate for a district court to remand for an immediate award of benefits. *Smolen*, 80 F.3d at 1292. In this case, however, crediting Plaintiff's subjective complaints as true does not resolve all outstanding issues. Plaintiff's subjective complaints are not sufficiently specific to require a determination of disability. Furthermore, it does not appear that a vocational expert offered testimony with regard to a disability determination if Plaintiff's subjective testimony were credited as true. Accordingly, the Court will remand the claim for further proceedings.

**IT IS ORDERED:**

1.    The Commissioner's decision denying benefits is **vacated**.

2.    The case is **remanded** for further proceedings as set forth in this order.

Dated this 20th day of February, 2013.

_____
David G. Campbell
United States District Judge

- 8 -