**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marta Valencia, | No. CV-12-00241-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin | |
| Defendants. | |

Plaintiff has made an application to this Court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. 30.  The Commissioner agrees that Plaintiff is entitled to recover fees incurred in her initial appeal to this Court, but disputes whether Plaintiff is entitled to recover fees incurred in her subsequent appeal to the Ninth Circuit.  Doc. 33 at 1.  For the reasons set forth below, the Court will grant Plaintiff's motion in part.

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1).  Courts routinely award attorney's fees under this provision to claimants who successfully challenge the Social Security Administration's denial of

disability benefits.  *See, e.g., Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014).  Where a successful claimant seeks attorney's fees, "[i]t is the government's burden to show that its position was substantially justified," *id.* at 832, or that special circumstances make an award unjust.  An award may be unjust – and subject to reduction or denial at the District Court's discretion – "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(c).

The Commissioner argues that Plaintiff unreasonably protracted this case by appealing a "mostly favorable" decision to the Ninth Circuit.  Doc. 33 at 2.  The Commissioner characterizes this appeal as "fruitless," noting that the Ninth Circuit affirmed this Court's decision to remand for further proceedings rather than remanding for an immediate award of benefits as Plaintiff requested.  *Id.*  According to the Commissioner, "after fifty-six hours of attorney time on the appeal, Plaintiff was exactly where she would have been had she never appealed the case at all."  *Id.*

Plaintiff disputes this characterization.  She notes that although the Ninth Circuit did not remand for an immediate award of benefits, it did remand on an open record, whereas this Court's remand was on a closed record.  Doc. 34 at 1-2; *compare Valencia v. Colvin*, 615 F. App'x 427 (9th Cir. 2015) *with Valencia v. Astrue*, 2013 WL 639693 (D. Ariz. Feb. 21, 2013).  Plaintiff argues that this constitutes a significant victory.

The Court agrees that Plaintiff achieved a partially favorable result.  One issue in this case was whether the ALJ properly discounted the opinion of Dr. Riggio.  This Court found that the ALJ was justified in discounting the opinion because Dr. Riggio's conclusions were brief and unsupported by treatment notes or clinical tests in the record.  *Valencia*, 2013 WL 639693, at *5 (D. Ariz. Feb. 21, 2013).  Absent an appeal, Plaintiff likely would have been precluded from relying on Dr. Riggio's opinion or supplementing it with treatment notes or clinical tests on remand.  *See Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998) ("The law of the case doctrine, which requires the trial court to conform any further proceeding on remand to the principles set forth in the appellate opinion

unless there is a compelling reason to depart, is applicable to judicial review of administrative decisions.") (internal citation and quotation marks omitted).  Although the Ninth Circuit chose not to address Dr. Riggio's opinion, *Valencia*, 615 F. App'x at 428 n.1, it did decide that the remand should be on an open record to address factual inconsistencies in Plaintiff's claims, *id.* at 428.  Because the remand will now be on an open record, Plaintiff may be permitted to rely on or even supplement Dr. Riggio's opinion on remand, something she could not have done without the appeal.

It is also true, however, that Plaintiff's primary argument on appeal – that her case should be remanded for an immediate award of benefits – was rejected by the Ninth Circuit.  *Valencia*, 615 F. App'x at 428-29.  The Commissioner prevailed on this issue.

A court addressing a request for appeal fees under the EAJA should consider "the results obtained on appeal."  *Atkins v. Apfel*, 154 F.3d 986, 990 (9th Cir. 1998).  Because the appeal in this case was only partially successful, the Court finds that only a portion of Plaintiff's attorneys' fees on appeal should be awarded.  Plaintiff's primary request for an award of benefits was not successful, and Plaintiff gained greater flexibility with respect to Dr. Riggio only because the remand will be on an open record.  Given these facts, the Court concludes, in its discretion, that Plaintiff should recover approximately one-third of the fees she incurred on appeal.

The Court calculates Plaintiff's appeal fees as totaling $10,125.22.[1]  The Court will award one-third of this amount, or $3,375.07, plus the remaining requested amount of $7,404.94[2], for a total of $10,780.01.

---

[1] This consists of 1 hour in 2015 at $189.68 per hour, 16.95 hours in 2014 at $190.06 per hour, and 35.90 hours in 2013 at 187.02 per hour.  *See* Doc. 30 at 1 (hourly rates in various years); Doc. 30-1 at 7-9 (hours incurred on appeal).

[2] $17,530.16 (Doc. 34 at 8) less $10,125.22 incurred on appeal.

**IT IS ORDERED** that Plaintiff's motion for attorney's fees (Doc. 30) is **granted in part**. Plaintiff is awarded $10,780.01 in fees and $455.00 in costs under the EAJA.

Dated this 12th day of January, 2016.

David G. Campbell
United States District Judge